



Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
Lawrence H. Reichman, OSB No. 860836
LReichman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiffs

FILED'08 JUL 30 16:15USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| INTEGRA TELECOM, INC., an Oregon corporation, and INTEGRA TELECOM OF WASHINGTON, INC., an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation,<br><br>Defendant. | CV '08.- 9 0 6 - - AA<br><br>**COMPLAINT**<br>(Declaratory Judgment; Breach of Contract)<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Integra Telecom, Inc. and Integra Telecom of Washington, Inc. (collectively, "Integra" or "Plaintiffs") allege, upon knowledge as to their own acts and upon information and belief as to all other matters, as follows:

**THE PARTIES**

1.      Plaintiff Integra Telecom, Inc. ("Integra Telecom") is, and at all materials times was, an Oregon corporation with its principal place of business in Portland, Oregon. Integra

1-    COMPLAINT

25375-0066/LEGAL14417498.1

#22364

Telecom is engaged in the business of providing telecommunications services in a number of states, including Oregon and Washington.

2.      Plaintiff Integra Telecom of Washington, Inc. ("Integra/Washington") is, and at all materials times was, an Oregon corporation with its principal place of business in Portland, Oregon. Integra/Washington is a wholly-owned subsidiary of Integra Telecom Holdings, Inc., which, in turn, is a wholly-owned subsidiary of Integra Telecom. Integra/Washington is in the business of providing telecommunications services within the State of Washington.

3.      Defendant Twin City Fire Insurance Company ("Twin City" or "Defendant") is, and at all materials times was, an Indiana corporation with its principal place of business in Hartford, Connecticut. Twin City is engaged in the business of selling insurance. It is licensed to and does business in the State of Oregon.

## JURISDICTION

4.      The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and complete diversity of citizenship exists between the Plaintiffs and the Defendant. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

5.      This Court has personal jurisdiction over the parties as each has transacted business that gives rise to this action in Oregon.

6.      Venue is appropriate in the United States District Court for the District of Oregon by virtue of 28 U.S.C. § 1391 as a substantial part of the events giving rise to Plaintiffs' claims occurred within the District of Oregon.

## GENERAL ALLEGATIONS

7.      In 2004, Integra Telecom purchased a "Private Choice Encore! Policy" from Twin City, which bore policy number 00 KB 0223305-04 (the "Policy"). The Policy provides coverage for claims first made during the period beginning on December 15, 2004 and ending on December 15, 2005 (the "Policy Period").

2-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

8.     The Policy contains three separate "Coverage Parts," one of which is entitled
"Directors, Officers and Entity Liability." The Directors, Officers and Entity Liability Coverage
Part of the Policy has a $5 million limit of liability.

9.     The Directors, Officers and Entity Liability Coverage Part of the Policy contains
four separate "Insuring Agreements," one of which is entitled "Entity Liability (Elective)."
Integra obtained Entity Liability Coverage when it purchased the Policy.

10.    The Entity Liability Insuring Agreement of the Directors, Officers and Entity
Liability Coverage Part of the Policy states, in relevant part, that:

> "The Insurer shall pay **Loss** on behalf of an **Insured Entity**
> resulting from an **Entity Claim** first made against such **Insured
> Entity** during the **Policy Period** . . . for a **Wrongful Act** by the
> **Insured Entity**."

11.    The Policy defines the term "Insured Entity" to mean: "(1) the **Named Entity**; or
(2) any **Subsidiary**." The Policy identifies Integra Telecom as the Named Entity. The Policy
defines the term "Subsidiary" to mean, *inter alia*: "any . . . corporation in which and so long as
the **Named Entity** owns or controls, directly or indirectly, more than 50% of the outstanding
securities representing the right to vote for the election of the board of directors of such
corporation." Under this definition, Integra/Washington qualifies as a Subsidiary of Integra
Telecom. Accordingly, both Integra Telecom and Integra/Washington qualify as an Insured
Entity within the meaning of the Policy.

12.    The Directors, Officers and Entity Liability Coverage Part of the Policy defines
the term "Entity Claim" to include, among other things, "any . . . civil proceeding commenced by
the service of a complaint or similar pleading . . . against an **Insured Entity.**"

13.    The Directors, Officers and Entity Liability Coverage Part of the Policy defines
the term "Wrongful Act" to mean, *inter alia*: "any actual or alleged . . . error, misstatement,
misleading statement, act, omission, neglect or breach of duty."

3-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

25375-0066/LEGAL14417498.1

14.     The Directors, Officers and Entity Liability Coverage Part of the Policy defines the term "Loss" to mean "the amount that the **Insureds** are legally obligated to pay as a result of a **Claim**, including, without limitation, **Defense Costs, Investigation Costs,** damages, settlements, judgments, and pre- and post-judgment interest."

15.     The Directors, Officers and Entity Liability Coverage Part of the Policy defines the term "Insureds" to include, among other things, any Insured Entity.

16.     The Directors, Officers and Entity Liability Coverage Part of the Policy defines the term "Claim" to include, among other things, an Entity Claim.

17.     The Policy defines the term "Defense Costs" to mean "reasonable and necessary legal fees and expenses incurred in the investigation, defense or appeal of a **Claim**."

18.     Pursuant to the Entity Liability Insuring Agreement of the Directors, Officers and Entity Liability Coverage Part of the Policy, Twin City is required to pay Integra for all losses, including, without limitation, defense costs, damages, judgments and settlements, that Integra incurs as a result of any claim first made against Integra during the Policy Period for, *inter alia*, any actual or alleged errors, misstatements, misleading statements, acts or omissions by Integra.

19.     Pursuant to the Policy, Twin City also is required to defend any claim first made against Integra during the Policy Period for, *inter alia*, any actual or alleged errors, misstatements, misleading statements, acts or omissions by Integra, provided that Integra tenders the defense of such claim to Twin City.

20.     Integra Telecom paid a substantial premium to Twin City with the reasonable expectation that, pursuant to the Policy, Integra would have insurance coverage when a claim was first made against Integra during the Policy Period for, *inter alia*, any actual or alleged errors, misstatements, misleading statements, acts or omissions by Integra.

21.     On or about August 19, 2005, and thus during the Policy Period, a claim was first made against Integra/Washington in a putative class action lawsuit styled as *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, Superior Court of

4-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Washington for King County, Case No. 05-2-27405-1 (the "Underlying Litigation"). The principal allegation in the Underlying Litigation is that Integra/Washington "falsely denominated" (*i.e.*, mislabeled) a certain surcharge. The Underlying Litigation remains pending, and was recently certified as a class action. Integra has incurred and will continue to incur significant, reasonable and necessary legal fees and expenses in connection with the investigation and defense of the Underlying Litigation.

22.     On or about September 22, 2005, Twin City was timely put on notice of the Underlying Litigation, and at that time, Twin City was requested, pursuant to its coverage obligations under the Policy, to defend and indemnify Integra/Washington in connection with the Underlying Litigation.

23.     On or about October 21, 2005, Twin City sent Integra a letter fully denying its coverage obligations under the Policy with respect to the Underlying Litigation.

24.     Subsequent to Integra's receipt of Twin City's October 21, 2005 denial letter, Integra sent Twin City another letter explaining in detail why the Policy entitles Integra to coverage for the losses it has incurred and will incur in connection with the Underlying Litigation, as well as explaining why Twin City has no reasonable basis for denying coverage. Integra concluded this letter by expressly demanding that Twin City acknowledge its coverage obligations with respect to the Underlying Litigation.

25.     Despite being expressly told why it had no reasonable basis to deny coverage, Twin City has not changed its coverage position. To date, Twin City has refused to defend Integra/Washington in connection with the Underlying Litigation and has not paid or reimbursed any of the losses incurred by Integra as a consequence of the Underlying Litigation.

26.     All conditions precedent to Integra's recovery under the Policy have been satisfied, waived or are the subject of estoppel.

5-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FIRST CLAIM FOR RELIEF
### (For Declaratory Relief on Duty to Defend)

27.     Integra incorporates by reference the allegations contained in each of the preceding paragraphs.

28.     Pursuant to the Policy, Twin City undertook to defend any claim first made against Integra during the Policy Period for, *inter alia*, any actual or alleged errors, misstatements, misleading statements, acts or omissions by Integra, provided that Integra tenders the defense of such claim to Twin City (the "Duty to Defend").

29.     The Underlying Litigation constitutes a claim within the scope of Twin City's Duty to Defend, and Integra timely tendered the defense of the Underlying Litigation to Twin City. Twin City has nevertheless denied coverage under the Policy and refused to defend the Underlying Litigation.

30.     Pursuant to 28 U.S.C. § 2201, and based on the allegations set forth in the preceding paragraphs, Integra seeks a declaration as to Twin City's Duty to Defend under the Policy. Specifically, Integra seeks a declaration that Twin City is obligated to defend fully and to pay on behalf of Integra all investigation and defense expenses incurred in connection with the Underlying Litigation.

31.     In addition, Integra seeks a declaration that under ORS 742.061, it is entitled to an award of its reasonable attorneys' fees incurred in prosecuting this action, as well as those attorneys' fees and costs incurred in otherwise attempting to enforce Twin City's coverage obligations under the Policy.

## SECOND CLAIM FOR RELIEF
### (For Declaratory Relief on Duty to Indemnify)

32.     Integra incorporates by reference the allegations contained in each of the preceding paragraphs.

33.     Pursuant to the Entity Liability Insuring Agreement of the Directors, Officers and Entity Liability Coverage Part of the Policy, Twin City is required to pay Integra for all losses,

6-   COMPLAINT

25375-0066/LEGAL14417498.1

including, without limitation, defense costs, damages, judgments and settlements, that Integra incurs as a result of any claim first made against Integra during the Policy Period for, *inter alia*, any actual or alleged errors, misstatements, misleading statements, acts or omissions by Integra (the "Duty to Indemnify").

34.    The Underlying Litigation constitutes a claim within the scope of Twin City's Duty to Indemnify, and Integra timely notified Twin City of the Underlying Litigation and timely requested indemnification for any loss incurred by Integra in connection with the Underlying Litigation.  Twin City has nevertheless denied coverage under the Policy and refused to pay (or indemnify) Integra for any loss it incurs in connection with the Underlying Litigation.

35.    Pursuant to 28 U.S.C. § 2201, and based on the allegations set forth in the preceding paragraphs, Integra seeks a declaration as to Twin City's Duty to Indemnify under the Policy.  Specifically, Integra seeks a declaration that Twin City is obligated to:  (a) reimburse Integra for all Loss (as defined by the Directors, Officers and Entity Liability Coverage Part of the Policy) that Integra already has incurred as a result of the Underlying Litigation (less any applicable deductible); and (b) pay any future Loss (as defined by the Directors, Officers and Entity Liability Coverage Part of the Policy) that Integra incurs as a result of the Underlying Litigation (less any applicable deductible).

36.    In addition, Integra seeks a declaration that under ORS 742.061, it is entitled to an award of its reasonable attorneys' fees incurred in prosecuting this action, as well as those attorneys' fees and costs incurred in otherwise attempting to enforce Twin City's coverage obligations under the Policy.

## THIRD CLAIM FOR RELIEF
### (For Breach of Contract)

37.    Integra incorporates by reference the allegations contained in each of the preceding paragraphs.

7-   COMPLAINT

25375-0066/LEGAL14417498.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

38.    Twin City has materially breached the contract of insurance (*i.e.*, the Policy) by refusing or failing to perform its Duty to Defend and its Duty to Indemnify with regard to the Underlying Litigation.

39.    Integra has paid all premiums and fully performed all other obligations under the Policy such that all conditions precedent to Twin City's coverage obligations have been satisfied.

40.    As a direct and proximate result of Twin City's breach of the Policy, Integra has been deprived of the benefits of its insurance coverage with respect to the Underlying Litigation. Integra, therefore, has been forced to pay all expenses incurred to date in the investigation and defense of the Underlying Litigation, and, absent relief from this Court, Integra will be forced to pay any adverse judgment that might be entered in the Underlying Litigation or any settlement that might be executed.  As a consequence of Twin City's breach of the Policy, Integra has been damaged in an amount to be determined at trial.

41.    As another direct and proximate result of Twin City's breach of the Policy, Integra has been forced to incur the costs of attorneys' fees and other expenses in order to prosecute this action.  Under ORS 742.061, Integra is entitled to its attorneys' fees in prosecuting this action, as well as those attorneys' fees and costs incurred in otherwise attempting to enforce Twin City's coverage obligations under the Policy.

42.    In addition to its actual damages, Integra is entitled to recover pre-judgment interest at the applicable rate on all amounts that Twin City has failed to pay Integra from the date that such amounts were due.

8-  COMPLAINT

25375-0066/LEGAL14417498.1

## PRAYER FOR RELIEF

WHEREFORE, Integra prays for relief as follows:

1.      On its First Claim for Relief, Integra requests that this Court grant a judgment declaring that:

a.      Twin City is obligated to defend fully and to pay on behalf of Integra all investigation and defense expenses incurred in connection with the Underlying Litigation; and

b.      Integra is entitled to an award of its reasonable attorneys' fees incurred in prosecuting this action, as well as those attorneys' fees and costs incurred in otherwise attempting to enforce Twin City's coverage obligations under the Policy.

2.      On its Second Claim for Relief, Integra requests that this Court grant a judgment declaring that:

a.      Twin City is obligated to reimburse Integra for all Loss (as defined by the Directors, Officers and Entity Liability Coverage Part of the Policy) that Integra already has incurred as a result of the Underlying Litigation (less any applicable deductible);

b.      Twin City is obligated to pay any future Loss (as defined by the Directors, Officers and Entity Liability Coverage Part of the Policy) that Integra incurs as a result of the Underlying Litigation (less any applicable deductible); and

c.      Integra is entitled to an award of its reasonable attorneys' fees incurred in prosecuting this action, as well as those attorneys' fees and costs incurred in otherwise attempting to enforce Twin City's coverage obligations under the Policy.

3.      On its Third Claim for Relief, an award of damages in an amount to be proven at trial, plus pre-judgment interest thereon at the applicable rate from the dates due until paid, and all attorneys' fees incurred in enforcing Twin City's coverage obligations under the Policy;

4.      An award of the costs and expenses that Integra incurs in prosecuting this action;

5.      Post-judgment interest; and

9-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

6.       Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs respectfully demand a trial by jury on all

issues and claims for which they have a right to trial by jury.

DATED:  July 30, 2008                                          **PERKINS COIE** LLP

By: _____
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
Lawrence H. Reichman, OSB No. 860836
LReichman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiffs

10-  COMPLAINT

25375-0066/LEGAL14417498.1